UNITED STATES DISTRICT COURT                 SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
September 13, 2022
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Jimmy Adams, *et al.,* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | Civil Action H-22-1547 |
| | § | |
| Houston Community College | § | |
| | § | |
| Defendant. | § | |

## Opinion on Partial Dismissal

1.   *Background.*

Black employees at Houston Community College have brought three lawsuits for the same reasons. They say that the College discriminated against them through the school's reorganization plan.

The saga started with Zeliah Brown. This court denied adding 92 plaintiffs to Brown's case, and they re-filed in *Austin.* The College moved to dismiss their claims. 26 plaintiffs were dismissed. The dismissed plaintiffs re-filed in *Adams* with an additional 27 plaintiffs.

Each of these cases brings a cause of action under Section 1981. The complaint says that the College had a deliberate scheme to discriminate which had a disparate impact on black employees. They say that they were retaliated against when they complained about discrimination and targeting of black employees.

2.   *Section 1981.*

Race discrimination claims under Section 1981 against state actors are brought through Section 1983. This court has already determined that the black employees have established the elements of municipal liability to hold the College liable. First, the official policy is the transformation plan. Second, the policymaker – the board of trustees – delegated authority to Cesar Maldonado, the chancellor. The last element, whether the policy was a moving force behind the violation of

each employees' rights, depends on the factual circumstances of each employee.

The plaintiffs plead race and retaliation claims under Section 1981. Section 1981 prohibits race discrimination in the making and enforcement of contracts, which has been interpreted to include employment relationships.[1] The Supreme Court has said that this law encompasses retaliation based on complaints of discrimination.[2]

To plead a prima facie case of discrimination under Section 1981 or Title VII, the plaintiff must show that he or she: (a) is a member of a protected group, (b) was qualified for the position at issue, (c) suffered an adverse employment action, and (d) was treated less favorably than other similarly situated employees outside the protected group.[3] An adverse employment action only applies to ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating an employee.[4] The prima facie standard at the pleading stage is informative but not conclusive of whether the employees' claim will survive.

The analysis for discrimination under Title VII and Section 1981 are substantially similar but some differences exist.[5] The complaint mistakenly pleads a disparate impact claim, which is only permissible under Title VII. Section 1981 is limited to intentional discrimination only.[6] Disparate impact claims are not actionable under Section 1981.[7]

---

[1]  *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994).

[2]  *See generally, CBOCS West, Inc. v. Humphries*, 128 S.Ct. 1951 (2008).

[3]  *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

[4]  *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 824 (5th Cir. 2019).

[5]  *See Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005).

[6]  *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982).

[7]  *National Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 714–15 (5th Cir.1994).

3.    *Partial Dismissal for Failure to State a Claim.*

On April 8, 2022, this Court dismissed claims of 27 plaintiffs based on a failure to state a claim. Rather than seek leave to amend their complaint, these plaintiffs re-filed their pleadings with the same 27 plaintiffs and others. Because the law favors a ruling on the merits, the Court will treat the collateral lawsuit as a repleaded complaint for those 27 plaintiffs.

The College says that 46 black employees do not plead an adverse employment action.

The employees say that the College's transformation plan intended to discriminate against all black employees. They claim that the discriminatory scheme is sufficient to establish intentional discrimination.

Each employee must have facts that show that – but for his or her race – the claimed injury would not have occurred.[8] Their race discrimination claim may survive if a discriminatory motive is circumstantially present.[9]

The employees describe an elaborate scheme that essentially makes every adverse employment action a part of the intentional plan for the College to displace blacks. Many of the employees plead a disparate impact claim by saying that the plan impacted them and how. This is not, however, a Title VII claim. The Court must distinguish between disparate impact and intentional discrimination. Even if the plan intended to discriminate against all black employees, the plan itself is insufficient to show discrimination absent an underlying discriminatory act for each employee.

Many of the revised claims robotically repeat the same elements of discrimination. Without facts, it is merely a legal conclusion that does not survive a 12(b)(6) motion to dismiss.

---

[8] *Comcast Corp. v. National Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

[9] *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017).

A.    Ava Cosey.

Ava Cosey's amended pleading claims that she was denied equitable pay by her white female co-worker.

Cosey says that the manner in which the College selectively picked whites and Hispanics as interim employees made it impossible for her to apply for higher paying jobs or be considered. She says she spoke with Maldonado about the pay disparity between her and Karen Hutchins, her white female co-worker. She claims that she received a letter that told her she could not file another grievance addressing this issue.

Cosey's inability to file another claim does not involve an "ultimate employment action." Her inability to get promoted could be pleaded as an adverse employment action.[10] Her claim, however, does not plead intentional discrimination. The source of her claim is unequal pay.

She makes conclusory statements that similarly situated non-minorities were treated differently as an after-thought at the end of her pleading as an attempt to support discriminatory motives. It is insufficient to state a claim.

B.    Deliah Brown.

Deliah Brown's amended pleading lacks sufficient facts to state a claim for intentional discrimination.

Brown says she applied for full-time positions and was never promoted. She says this occurred between 2014 to 2020 -- within the time-frame of the transformation plan. She says that the College was not awarding her veteran status points in order to hire less qualified and less experienced Hispanics. She does not plead that other applicants with her veteran status that are not black have been hired.

Brown pleaded that the transformation plan affected her ability to gain full-time. Without more to support intentional discrimination, her claim fails.

Her claim remains dismissed.

---

[10] *Oden v. Oktibbeha County, Miss.,* 246 F.3d 458, 468 (5th Cir.2001).

C.   Linda Denkins.

Linda Denkins's repleaded complaint reasserts many of the same facts as her original complaint.

Denkins says that she applied for "several other positions." She insists that she was more qualified and that the College hired Hispanics instead. She does not say whether the specific position that she applied for was filled by someone outside her protected class and why she was more qualified. She says that she was constructively discharged because she was "humiliated" without saying how. This is insufficient to plead an adverse employment action.

Her complaint about pay disparity reads like a disparate impact claim. She says that the transformation plan lowered her pay but no air of intentional discrimination is plead beyond the plan.

The facts are insufficient to plead her racial discrimination claim. It is dismissed.

D.   Charles Drayden.

Charles Drayden's amended complaint pleads sufficient facts to support his claim. He pleaded that: (1) he applied for full-time professor positions; (2) he was qualified based on his work experience to teach American Government; (3) he was not promoted; and (4) other whites and Hispanics were promoted.

He pleaded intentional discrimination by saying that the accreditation issue was manufactured to eliminate black American Government professors. He applied the facts from the Plan specifically to his employment issue. It is sufficient.

His claim survives.

E.   Lorlei Ellis.

Lorlei Ellis's amended pleading does not address the issues addressed by the Court in the first complaint. She does not plead whether she was qualified for the specific type of job that she was applying for.

Failure to promote is insufficient to support constructive discharge on its own. She pleaded constructive discharge without facts to support working conditions that are intolerable.[11] She says she was harassed without saying how. It is insufficient to plead a claim.

Her complaint also lacks intentional discrimination. She says she complained about "issues in the Veteran Affairs Department." She does not specify how her retaliation was related to race.

Her claim remains dismissed.

F.      Rosalyn Francis.

Rosalyn Francis's amended pleading says that she was constructively discharged. She says that her boss scrutinized her more than other non-black employees. She says that she returned to teach at the school. The working conditions could not have been "so intolerable" to return and effectively plead constructive discharge.

She says she was unfairly denied medical leave. If so, she should bring an individual claim under the Family and Medical Leave Act. Her pleading is a complaint about the College's failure to grant leave, not intentional discrimination.

Her claim remains dismissed.

F.      Cheryl Goode.

Cheryl Goode's amended pleading draws the same legal conclusions from her original pleading. No facts were added to support her claims such as how her qualifications were better than the "less-qualified" white or Hispanic employees.

She broadly pleaded disparate impact based on the plan without more to support her case.

Her claim remains dismissed.

---

[11] *McKethan v. Texas Farm Bureau*, 996 F.2d 734, 738 n. 6  (5th Cir.1993).

G.     Afrah Hassan.

Afrah Hassan pleaded retaliation based on discrimination.

To plead retaliation, Hassan must plead a (1) statutorily protected expression; (2) an adverse employment action; and (3) a causal link between the protected expression and the adverse action.[12] She says that she complained to Dean Garza about discrimination in the College. She says that her workload increased without additional pay and she failed to advance at the college. She says the change occurred after she reported to management.

Her claim is sufficiently pleaded.

H.     Avis Horde.

Avis Horde's amended pleading does not address the deficiency in the first. She says that she applied for 26 jobs. She does not say whether they were filled by non-black employees. Her general conclusion that other white and Hispanic people in her department were offered lateral positions is insufficient to plead failure to promote.

Her retaliation claim does not have facts to support how she was retaliated against for serving as a character witness.

She claimed that the effects of the Plan lowered her retirement and promotional opportunities. She pleaded how the plan impacted her but needs more facts to support intentional discrimination or motive.

Her claim remains dismissed.

I.     Rodney Jackson.

Rodney Jackson's initial complaint did not plead an adverse employment action. His amended complaint says that he was fired for an unverified grievance that led to his dismissal. He says that he was unfairly treated

---

[12] *Hunt v. Rapides, Healthcare Sys.*, 277 F.3d 757, 768 (5th Cir. 2001).

in an investigation against him that he sexually harassed another employee. He says that the College did not interview all the witnesses and weigh his statements equally based on his race. It is plausible that under the guise of the plan that he could have experienced intentional discrimination.

His claim subsists.

J.      China Jenkins.

China Jenkins's amended pleading does not state her race claim. She attempted to plead that she was constructively discharged without facts to support the circumstances that led to her resignation. She says that the pay disparity was one factor.

Pleading unequal pay on its own is insufficient to support "intolerable working conditions" that would lead to constructive discharge. She says that she saw others experience intentional discrimination but does not have facts to support intentional discrimination against her.

Her claim remains dismissed.

K.      Michelle Johnson.

Michelle Johnson's amended pleading lacks sufficient facts to support a claim for intentional discrimination.

Johnson claims that her white supervisor treated her differently than her white and Hispanic co-workers by giving her more work. She says that her boss refused to communicate with her. She insists that the stress caused her paralysis. It is unclear whether her job was intended to terminate when the grant concluded.

She has sufficient facts to plead constructive discharge but does not have facts to support her claim that she was intentionally discriminated against based on her race. The asserted theme of the Plan to displace black workers is too broad on its own to support her claim. On its face, Johnson was retaliated against

because she refused to handle grant requests that she believed were improper. These facts do not support intentional discrimination even under the backdrop of the plan.

Her claim remains dismissed.

L.     Stephanie Jones.

Stephanie Jones pleaded a failure to promote claim. She explains how she was qualified, the position she sought to obtain, and how a less-qualified non-black employee obtained the position.

She pleaded discriminatory intent based on the fact that non-black employees could receive training when she could not.

Her claim survives.

M.     Elamees Kelly-Molo.

Elamees Kelly-Molo added more facts to her amended complaint. She says that she was more qualified for a full-time sociology professor position based on "better experience and qualifications." She says that a white female was hired for the job.

She sufficiently pleaded that her inability to get promoted constitutes an adverse employment action. She has facts to support that under the backdrop of the plan these actions occurred because of her race.

Her claim survives.

N.     Lue Mims.

Lue Mims's amended complaint claims that she suffered a reduction in work and change of responsibilities when she complained about the College's policies to the compliance department. She says she was replaced by a non-black employee.

She has facts to support retaliation. She used her observations of her supervisors treatment of other Hispanic applicants to plead circumstantial discrimination. This, however, does not support intentional discrimination against her.

On its face, the pleading reads as retaliation for reporting a violation of the College's policies. It is unclear what policy she reported that caused her retaliation and whether it was based on discrimination.

Her claim remains dismissed.

O.      Mary Page.

Mary Page's amended complaint pleaded constructive discharge without sufficient facts to support her claim. While her amended pleading says that she resigned because she was denied opportunities to interview, she does not say whether she re-applied. Instead she says she was "faced with the challenge of reapplying." Failure to promote alone is insufficient to plead constructive discharge without more to support her claim.

Her claim broadly claims how the plan affected her without factual support for intentional discrimination that targeted her directly.

She remains dismissed.

P.      Beverly Perry.

Beverly Perry's amended complaint continues to make grand legal conclusions without facts to support her claim. Again, she speculates that her email server was moved because her boss wanted to check her emails and erase them. She does not plead an adverse employment action nor retaliation for protected conduct.

Her failure to promote claim is vague. She broadly says that she was passed over for promotions "over the years" even though she was the "most qualified." It is a mere legal conclusion.

Her claim is dismissed.

Q.      Erica Rhone.

Erica Rhone's amended complaint says that she has a "difficult" working environment. She says it is because of her race. The Fifth Circuit requires an

adverse employment that includes ultimate employment decisions to plead discrimination. The harassment is sufficient for constructive discharge, however, she does not plead that she resigned.

The circumstantial facts she pleaded support a claim for racial discrimination because she says similarly-situated non minorities were treated differently. For example, she says that she was not permitted to move to a new work environment after she complained to HR about her poor treatment. She says that other white and Hispanics were accommodated under those circumstances.

Her claim subsists.

R.    Felicia Rucker-Carter.

Felicia Rucker-Carter's amended pleading does not have facts to support an adverse employment action. She says that she is paid less than Hispanic officers but her salary has not changed. The pay disparity alone is not an ultimate employment action.

Her facts have not changed from the initial pleading except that she removed the reference to 2013, which would fall outside the period of the Plan. She says that similarly situated non-minorities were offered accommodation when she was not. This may suggest discriminatory intent, however, she does have sufficient facts to support a change in compensation.

Because she does not plead an adverse employment action, her claim remains dismissed.

S.    Brandy Griffin.

Brandy Griffin's amended pleading has sufficient facts to support a claim for retaliation.

She added more facts about why she was suspended without pay and demoted. She says it was because she asked if an assignment was racially motivated. These actions could make up an adverse employment action. She says that she was treated more harshly than other non-black employees.

Her claim survives.

T.     Bridgette Dennis

Bridgette Dennis added almost a page of additional facts. Her amended complaint says that she was fired after she failed to complete a job assignment. When she tried to explain that it was not her responsibility, she says that her complaint was ignored. She broadly says that "other white and Hispanic individuals do not face the same issue."

She insists that the College selectively enforced their written policy for black employees to force them out of the job. She claims that the College changed the reason for firing her to budgetary concerns. She says that was replaced by a non-black employee. She sufficiently pleads intentional discrimination that is tied to the plan.

Her claim survives.

U.     Krishna Morancie.

Krishna Morancie's amended pleading says that she was fired after her Hispanic co-worker falsely accused her of not completing assignments. She says that the College did not conduct a reasonable investigation.

Her pleading supports plausible discriminatory intent based on her co-workers conduct and the College's failure to conduct an investigation required under its own policy.

Her claim subsists.

V.     Hyginus Chukwu.

Hyginus Chukwu's amended complaint reasserts the same legal conclusions as the original pleading. The College, he says, terminated him based on a manufactured sexual harassment claim.  He says it was based on race.

He says that he was ineligible for re-hire while other Hispanic and White

employees who had also been terminated due to alleged sexual harassment have been allowed to return. Because the circumstantial evidence is sufficient to show how similarly situated non-minorities received better treatment, it is sufficient to state a claim for racial discrimination.

His claim subsists.

W.    Terrence Crosby.

Terrence Crosby's amended pleading was sufficient to state a claim for racial discrimination. He established how similarly situated non-minorities received the promotions that he was seeking to obtain with less qualifications. He gives specific examples of the three jobs he applied to and the non-black employees who were hired with less experience. Because of the transformation plan, the circumstantial evidence could suggest a racial motive.

His claim survives.


X.    Andrea Jones.

Andrea Jones's amended pleading has more facts that support a discriminatory motive. She pleaded constructive discharge as an adverse employment action. She says that her supervisor told her overtime was not allowed when it was permitted for other similarly-situated non-minorities. She says that was retaliated against for refusing to let her co-workers use her notary seal. She also said that her supervisor told her, "you should be happy you even have a job."

Taken together, it is sufficient to plead constructive discharge and discriminatory intent. Her claim survives.


Y.    Elfreda King.

Elfreda King says that she was retaliated against for identifying problems with the accounting of the College's financial books. She reported the problem to her supervisor and was terminated from employment.

While she fixed the deficiencies in the original complaint by specifying the incident that led to her termination, she does not plead discriminatory intent.

Her retaliation standing alone is insufficient for Section 1981 without

more demonstrating intentional discrimination. The conclusory statement that "other white and Hispanic individuals were not subjected to such treatment" does not suffice. Even under the guise of the Plan, on its face, she was terminated for reporting problems to her supervisor. It does not support a discrimination claim.

Her claim remains dismissed.

4.    *28 Newly-added Plaintiffs.*

The Adam's suit added 28 black employees to the case. Some of the employees adequately pleaded race and retaliation claims. They specifically identified how the transformation plan created an intent to discriminate against them specifically in the workplace.

These employees did not meet the pleading standard for race or retaliation. They did not have facts to support an adverse employment action or intentional discrimination. The newly dismissed employees may amend their pleading.


A.    Paulina Cary.

Paulina Cary pleaded that she was discriminated against based on race when she was unfairly denied overload courses. These overload courses enable her to expand her pay. She says that the courses are unfairly dolled out to similarly-situated non-minorities.

Cary does not plead racial discrimination nor adverse employment "Overload courses" are not guaranteed in her employment contact. She does not plead how the College's policy was the moving force of her inability to teach. It is unclear how the failure to obtain overload courses was intentional discrimination.

Her claim is dismissed without prejudice.


B.    Ayoade Farinde.

Ayoade Farinde says that she was targeted for termination based on her race. She says that a form was submitted that ended her part-time assignment. She says that similarly-situated non-minorities did not receive the same form.

She does not plead racial discrimination or explain how the form was discriminatory. She makes the conclusory allegation that the form was only

submitted on her behalf.

Because her pleading lacks intentional discrimination beyond the guise of the plan, her claim is dismissed without prejudice.


C.    Shuleta Harris.

Shuleta Harris claims that she is paid less than white and hispanic officers. She vaguely says that she suffered adverse employment actions when she tried to address racial impropriety. She does not say how.

She makes conclusory remarks about other black police officers who complain to HR. The circumstantial evidence may support her claim but Harris does not have facts to support intentional discrimination against her specifically.

Her claim is dismissed without prejudice.


D.    Quincy Henderson.

Quincy Henderson says that he was treated poorly when he showed up late to work in order to care for his partner's grandmother. He says that his supervisor would accost him but not similarly situated non-minorities. He says that his supervisors would ask him for information he did know and sabotaged his ability to work. He says he was constructively discharged.

He does not plead enough facts to support constructive discharge. These facts taken together do not constitute harassment.

He also does not plead intentional discrimination or explain how the plan is a moving force behind his injury. Having a white supervisor alone is insufficient to establish intentional discrimination. The plan on its own does not support his claim.

His claim is dismissed without prejudice.


E.    Clennis High.

Clennis High says that his pay was reduced as part of the plan. He says he was demoted and replaced by whites and Hispanics. He says his requests to teach

at other campuses was denied without a reason.

He pleaded disparate impact. No facts suggest intentional discrimination beyond the effects of the plan.

His claim is dismissed without prejudice.

F.      Erica Hubbard.

Erica Hubbard pleaded that she was falsely accused of being unprofessional after she filed a complaint about the lack of a police presence.

None of these facts evince discriminatory intent. She may rely on the Plan to support the notion that black employees at the College are targeted for false accusations but she needs more facts that demonstrate intentional discrimination against her.

She also does not plead an adverse employment action. A false accusation is not an ultimate employment decision.

Her claim is dismissed without prejudice.

G.      Vernita Jackson.

Vernica Jackson pleaded that she was not called to return to work after the COVID-19 pandemic. She claims that other white and Hispanic adjunct professors were asked to return. She says she was told that funds did not exist for more adjunct positions. The College, she says, has continued to post the same job opening for the position they said could not be funded.

Jackson pleaded disparate impact. She has facts that explain how the transformation Plan had affected her, however, she does not plead intentional discrimination. She blames the Plan alone for her failure to obtain a job. She does not plead that but for her race, she would have been hired as an adjunct professor again.

Her claim is dismissed without prejudice.

H.      Debra McGaughey.

Debra McGaughey says that she was retaliated against for voicing her concerns about a work project. She does not plead discriminatory intent.

She pleaded an adverse employment action based on failure to promote. She does not have facts, however, to support intentional discrimination. Her pleading suggests disparate impact through the Plan, which is insufficient for a Section 1981 claim. The facts must suggest intentional discrimination against her and that the injury would not have occurred but for her race.

Her claim is dismissed without prejudice.

I.      Ruth Parham.

Ruth Parham says that she was affected by the plan. She says the plan lowered her pay scale. She pleads disparate impact – not intentional discrimination.

She also lacks support for her constrictive discharge claim. She does not say how she was humiliated nor how her supervisor was harassed her.

Her claim is dismissed without prejudice.

J.      Melody Dancer Samuels.

Melody Dancer Samuels pleaded that she cannot get promoted at the College. She says that she took courses that were required to teach English and did not receive a full-time position. She also says she did not receive a recommendation to work at another university.

She does not plead a failure to promote claim because she does not have facts that support the way similarly-situated non-minorities were treated. She broadly concludes that they are treated differently without facts. For example, she does not say that other minorities who had the same teaching qualifications were promoted.

Her claim is dismissed without prejudice.

K.      Samoan Scott.

Samoan Scott says that she was unfairly treated when she was pregnant. She says she was not permitted to have "light-work" when other similarly situated non-minorities were offered the accommodation.

Her pleading would suffice for discrimination based on pregnancy but not race. The complaint includes the repetitive policy violations of Captain Martinez which is an ineffective attempt to tie race into her claim. It is circumstantial but has nothing to do with her individual claim. She also does not tie in the policy as the moving force behind her pregnancy treatment.

Her claim is dismissed without prejudice.

L.     Dorsetta Williams.

Dorsetta Williams pleaded a failure to promote claim. She says that she was forced to take on more work responsibilities without commensurate pay.

She does not plead discriminatory intent nor does she plead failure to promote. She does not say the position she is seeking for promotion nor how she is more qualified. She draws legal conclusions about her observations of the College that do not pertain to her claim.

Her claim is dismissed without prejudice.

M.     Marcus Winters.

Marcus Winters says that he has been unable to advance at the College. He says he has been at the College since 1998. It is unclear how this is tied to the plan. Winters needs more facts to support how the transformation plan changed his ability to get promoted and the discrimination he personally faced as a result. He needs to describe the jobs he applied for and how he was qualified.

His claim is dismissed without prejudice.

5.      *Conclusion.*

The employees who repleaded their claim through a new lawsuit are dismissed with prejudice.

The newly added employees may amend their pleadings.

The parties may not file additional collateral lawsuits to receive another opportunity to amend their claims. The parties have engaged in substantial discovery. Additional plaintiffs would prejudice the College.


Signed on September __12__ , 2022, at Houston, Texas.



_____
Lynn N. Hughes
United States District Judge